## Byram Foundry Company *v.* Forster.

[No. 10,385. Filed June 23, 1920.]

SALES.—*Implied Warranty.*—*Inapplicable in Case Based on Express Warranty.*—Where a counterclaim was not drawn on the theory that there was a breach of implied warranty, but charged a failure to make the articles according to blueprints furnished and the breach of an express warranty that the articles, when made, would enable defendant to fulfill a contract therefor made with a third person, and where the chief issue at the trial, as shown by the evidence, was whether the articles had been made according to the blueprints, the principle of implied warranty of fitness for the purpose intended had no application.

From Marion Superior Court (103,993); *Theophilus J. Moll,* Judge.

Action by John G. Forster against the Byram Foundry Company. From a judgment for plaintiff, the defendant appeals. *Affirmed.*

*Myers, Gates & Ralston,* for appellant.

*George H. Batchelor* and *Noble H. Wible,* for appellee.

REMY, J.—Action by appellee, a pattern maker, on account for services rendered and materials furnished in the manufacture of certain patterns. Appellant filed answer in three paragraphs—denial, plea of payment and want of consideration; also a counterclaim wherein it averred in substance that it was engaged in the business of operating a foundry; that it entered into a contract to construct a certain number of cylinders and piston rings upon the strength of appellee's representations that he was competent and able to furnish patterns of the kind, measurements and specifications required; that it furnished appellee with blue prints and specifications therefor, and that appellee represented that he would construct said patterns in accordance with said blue prints, and guaranteed that "the patterns constructed by him would in every way enable appellant to fulfill the contract;" that, on account of the unworkmanlike manner in which appellee constructed the patterns, appellant was unable to fulfill the contract, to its damage in the total sum of $15,000.

There was a trial by jury, and verdict for appellee on his complaint and against appellant on its counterclaim. The only assigned error is the action of the court in overruling the motion for a new trial; and the only questions presented under the motion are: (1) The giving by the court on appellee's request of instruction No. 3; (2) the refusal of the court to give appellant's tendered instruction No. 5; and (3) that the verdict is not sustained by sufficient evidence, and is contrary to law.

By instruction No. 3, the court, after correctly stating the theory of appellant's counterclaim, charged the

jury as follows: "I instruct you that if the defendant shall recover at all in this action, it must recover upon the theory of its counterclaim, and not upon some other or different theory, and by the proof of such guarantee charged in said counterclaim; and in this connection I instruct you that if you should find from the evidence that the plaintiff did not fully guarantee that the patterns constructed by him would in every way enable the defendant to fulfill the contract for 20,000 pistons and piston rings, and other articles, then I instruct you that the defendant cannot recover in this action upon the theory that he had such a guarantee from the plaintiff, and that the same had been broken, thereby causing damages to the defendant."

It is urged by appellant that this instruction is erroneous in that it eliminates the question of implied warranty. It is the law, as stated by appellant, that if an article is ordered for a specific purpose, no evidence of express warranty is required, since the law implies a warranty that the article is reasonably suitable for the purpose for which it was intended. That principle, however, has no application here. The counterclaim was not drawn upon the theory that there was a breach of implied warranty. The counterclaim contained but two elements upon which appellant's claim for recoupment was based: (1) The alleged failure of appellee to make the patterns in conformity with the blue prints; and (2) the alleged breach of an express warranty on the part of appellee that the patterns when constructed by him would enable appellant to fulfill his contract. Appellee was to make the patterns according to blueprints furnished by appellant, and the chief issue at the trial, as shown by the evidence, was whether or not the patterns made by appellee were according to such blueprints, which blueprints may or may not have been properly drawn. Appellee might by contract warrant

that the patterns when made would enable appellant to fulfill its contract, but, under the pleadings and the evidence, as shown by the record in this case, the law would not imply such a warranty.   35 Cyc 403; *Davis Calyx Drill Co.* v. *Mallory* (1905), 137 Fed. 332, 69 C. C. A. 552, 69 L. R. A. 973; *Fairbanks, Morse & Co.* v. *Baskett* (1903), 98 Mo. App. 53, 71 S. W. 1113.   There was no error in giving the instruction.

Instruction No. 5 tendered by appellant was inapplicable to the evidence and was properly refused.

It is earnestly contended by appellant that the evidence fails to show:   (1) That the patterns contracted for were all made; (2) that the patterns made were in conformity with the blueprints; and (3) that they were adapted to, and suitable for, use in the manufacture of motorcycle cylinders for which they were designed.   We have carefully examined the record and find that there is evidence to show that appellee made all the patterns contracted for, and made them in accordance with the blueprints furnished by appellee.

Appellant's only contention that the verdict is contrary to law is based upon the proposition that it is not sustained by sufficient evidence, and in view of our holding as to the sufficiency of the evidence is without merit.

Judgment affirmed.